UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RALPH E. DEAN, *Pro Se,* | Case No.: 1:21 CV 2356 |
| Plaintiff | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| TAMMY RHEA, *et al.*, | |
| | <u>MEMORANDUM OPINION</u> |
| Defendants | <u>AND ORDER</u> |

*Pro Se* Plaintiff Ralph E. Dean, a prisoner currently housed in Richland Correctional Institution ("RiCI"), filed this civil rights action under 42 U.S.C. § 1983 against Tammy Rhea, Unit Manager; Bobby Eslick, Unit Manager Chief; Kelly Rose, Institution Inspector; and Chris Lambert, Chief Institution Inspector. Plaintiff alleges the defendants retaliated against him for using the inmate grievance procedure while incarcerated at RiCI (Doc. No. 1).

For the following reasons, this action is dismissed in part.

**I. BACKGROUND**

Plaintiff states that he is a 64-year-old prisoner who has been designated "chronic care" by the Ohio Department of Rehabilitation and Correction ("ODRC") medical department. For approximately ten years, Plaintiff had been housed in RiCI's ground-level dormitory housing ("3-Lower"), which is known for housing older, non-violent, drug-free prisoners. (*See* Doc. No. 1 at 12). According to the Complaint, an inmate must remain free of disciplinary action to remain in 3-Lower. (*Id.*). Plaintiff states that he has never had a disciplinary action lodged against him that would result

in Plaintiff being removed from 3-Lower housing. (*Id.* at 17).

Plaintiff states that from September 21, 2020, to January 15, 2021, he used the inmate grievance system to address his concerns over the institution's inadequate lighting. And on January 21, 2021, he was moved from 3-Lower to 3-Upper. Plaintiff states that this new housing arrangement includes more violent and disruptive inmates, and it requires him to climb a two-story set of stairs to access the 3-Upper housing area before climbing a ladderless bunk bed to reach his top bunk. (Doc. No. 1 at 13-14, 17).

Plaintiff claims that the Defendants moved him in retaliation for filing grievances. He alleges that Unit Manager Tammy Rhea told him that "as a result of a unit staff discussion, we felt the move was necessary." According to Plaintiff, Rhea did not further elaborate or explain who attended that staff meeting, despite Plaintiff's repeated requests for information. (Doc. No. 1 at 18-20). Plaintiff alleges that Unit Manager Chief Bobby Eslick advised Plaintiff that he was "on a list that [he] had created to facilitate an institution need." (*Id.*). Plaintiff states that Rhea never claimed to be obeying a "list" or following a supervisor's instructions. (Doc. No. 1-4 at 6). After the move, Plaintiff continued to file grievances regarding his move. According to Plaintiff, when he continued to seek an explanation from Eslick regarding the move, Eslick responded by "threatening to retaliate even more" if Plaintiff continued to use the inmate grievance procedure. (*Id.* at 16). Ultimately, Institution Inspector Kelly Rose denied Plaintiff's grievance, and Chief Institution Inspector Chris Lambert denied Plaintiff's appeal. (*Id.* at 14-17).

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30

L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

Further explaining the plausibility requirement, the Supreme Court stated that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Furthermore, "the plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. LAW AND ANALYSIS

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must allege that a person acting under state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42 (1988). Plaintiff must also allege that "the defendants were personally involved in the alleged deprivation of federal rights.*" Frazier v. Michigan*, 41 F.App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

#### A. Official Capacity

Plaintiff claims the defendants retaliated against him for using the inmate grievance system. To the extent Plaintiff asserts a retaliation claim against the Defendants in their official capacities, Plaintiff's claims are unavailing.

The State of Ohio and its agencies are immune from suit under the Eleventh Amendment of the United States Constitution unless the State's immunity has been abrogated by Congress or the State of Ohio has consented to be sued. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997) (Eleventh Amendment immunity applies to state agencies and instrumentalities) (citations omitted). When enacting § 1983, Congress did not abrogate the State's Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Nor has the State of Ohio consented to suit under § 1983. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (the State of Ohio has not waived its Eleventh Amendment immunity from suit in § 1983 cases). And "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71; *see also Grinter*, 532 F.3d at 572 (6th Cir. 2008).

Here, Defendants are either employed by RiCI or the ODRC. Plaintiff's official capacity claims against these Defendants are therefore construed as claims against the State of Ohio. And because the State of Ohio is immune from suit, Plaintiff's official capacity claims against the Defendants for monetary relief are also barred under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity").

### B. Individual Capacity

Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597, 92 S. Ct. 2694, 33 L. Ed. 2d 570 (1972). To state a prima facie case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in

protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Defendants cannot be liable for a § 1983 claim in their individual capacity "premised solely on a theory of respondeat superior, or the right to control employees." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Rather, any liability under § 1983 must be "based only on [the defendants] own unconstitutional behavior." *Id.*; *see also Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants"). A plaintiff must therefore show, "that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Here, Plaintiff claims Institution Inspector Rose denied his grievance and Chief Institution Inspector Lambert denied Plaintiff's appeal. Plaintiff's claims against Rose and Lambert are based solely on their responses to his grievances–either the denial of his grievances or the Defendants' failure to remedy the alleged retaliatory behavior. The mere denial of a prisoner's grievance or the failure to intervene on a prisoner's behalf does not rise to the level of a constitutional violation. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). Because Plaintiff fails to state any facts suggesting Rose and Lambert directly participated, encouraged, authorized, or acquiesced in the claimed retaliatory acts, any § 1983 claim against Rose and Lambert in their individual capacities must fail.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's official capacity claims against Rhea, Eslick, Rose, and Lambert are dismissed. Plaintiff's individual capacity claims against Rose and Lambert are also dismissed. This action shall proceed solely on Plaintiff's retaliation claims against Rhea and Eslick, both of whom the Plaintiff maintains was directly involved in retaliatory actions against him.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 16, 2022